UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| CAMBRIDGE ISOTOPE LABORATORIES INC. : | |
| : | |
| : | |
| Plaintiff, : | |
| : | Court No. 23-00080 |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RULE 56.2 MOTION FOR JUDGMENT ON THE
AGENCY RECORD**

George R. Tuttle, III
Law Offices of George R. Tuttle, A.P.C.
3950 Civic Center Drive, Ste 310
San Rafael, CA 94903
Direct: (415) 288-0428
Office: (415) 986-8780
Email: geo@tuttlelaw.com
*Attorney for Cambridge Isotope Laboratories*

Dated: October 24, 2024

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

TABLE OF CONTENTS

I.    RULE 56.2 STATEMENT ................................................................ 1

    A.  The Administrative Determination Under Review ..................... 1

    B.  Issues Presented ........................................................................ 3

II.   STANDARD OF REVIEW ................................................................ 4

III.  STATEMENT OF FACTS ................................................................ 5

    A.  Scope of the Order on Ammonium Sulfate from
       China ........................................................................................ 5

    B.  Summary of the Record ............................................................. 7

        1.  The Chemical Compositions of Ammonium Sulfate ............... 7

        2.  Cambridge's 15N Enriched Ammonium Sulfate .................... 12

        3.  The Proceedings Before Commerce ...................................... 15

IV.  SUMMARY OF ARGUMENT ......................................................... 17

V.   ARGUMENT .................................................................................. 20

    A.  Cambridge's 15N Ammonium Sulfate is not Within
       the Scope of the Orders ........................................................... 20

    B.  The Plain Language of the Order Unambiguously
       Excludes Cambridge's 15N Isotopically Enriched
       Ammonium Sulfate .................................................................. 25

    C.  Assuming Arguendo the Scope Language is
       Ambiguous with Respect to Its Inclusion of
       Cambridge's 15N Isotopically Enriched Ammonium
       Sulfate the Department Must Consider the K-1
       Factors .................................................................................... 31

i

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

VI.    CONCLUSION ................................................................................. 36

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

# TABLE OF AUTHORITIES

## CASES

Arcelormittal Stainless Belg. N.V. v. United States, 35 CIT 796
(Ct. Int'l Trade 2011) .......................................................19

Arcelormittal Stainless Belg. N.V. v. United States,
694 F.3d 82 (Fed. Cir. 2012) ...........................................29

Atlantic Sugar, Ltd. v. United States, 744 F.2d 1556
(Fed. Cir. 1984) .................................................................4

Consolidated Edison Corp. v. NLRB, 305 U.S. 197 (1938) ......................4

Diversified Prods. Corp. v. United States, 572 F. Supp. 883
(1983) .........................................................................5, 32

Duferco Steel, Inc. v. United States, 296 F.3d 1087 (Fed.
Cir. 2002) .........................................................17, 20, 31

Fedmet Res. Corp. v. United States, 755 F.3d 912
(Fed. Cir. 2014) .........................................................30, 32

King Supply Co. v. United States, 674 F.3d 1343 (Fed. Cir. 2012) ........30

Magnum Magnetics Corp. v. United States,
657 F. Supp. 3d 1387 (2023) .............................21, 23, 26

Maquilacero S.A. De C.V. v. United States, 2024 Ct. Intl.
Trade LEXIS 108, *17-18, SLIP OP. 2024-107 .................18, 22, 24

Meridian Prods., LLC v. United States, 851 F.3d 1375
(Fed. Cir. 2017) .........................................................21, 26, 36

Mid Continent Nail Corp. v. United States, 725 F. 3d 1295
(Fed. Cir. 2013) .............................................................36

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

Mitsubishi Polyester Film v. United States,
     228 F. Supp. 3d 1359 (2017) .......................................................5, 36

OMG, Inc. v. United States, 321 F. Supp. 3d 1262,
     (2018) ............................................................... 20, 21, 25, 26, 32

Polites v. United States, 755 F. Supp. 2d 1352 (2011) ..... 3, 21, 24, 32, 35

Saha Thai Steel Pipe, 101 F.4th 1310 (Fed. Cir. 2024) ...................34, 35

Sango Int'l v. United States, 484 F.3d 1371 (Fed. Cir. 2007)...........21, 32

Tak Fat Trading Co. v. United States, 396 F.3d 1378
     (Fed. Cir. 2005) ................................................................................20

Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951).....................4, 5

## STATUTES AND REGULATIONS

19 U.S.C. § 1516a(b)(1)(B) ...........................................................................4

19 C.F.R. § 351.225..........................................................................22, 24, 33

19 C.F.R. § 351.225(e).................................................................................32

19 C.F.R. § 351.225(k)(1) .................................................................. passim

19 C.F.R. § 351.225(k)(2) ......................................................................22, 32

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

## ADMINISTRATIVE DECISIONS

Ammonium Sulfate from the People's Republic of China:
Antidumping Duty and Countervailing Duty Orders,
82 Fed. Reg. 13094 (March 2, 2017)……………………….....passim

Notice of Scope Rulings, A-570-049 and C-570-050; Ammonium Sulfate
from China, 88 Fed. Reg. 32731 (May 22, 2023)..............................2

## Other Authorities

Britannica, The Editors of Encyclopedia. "nitric oxide".
*Encyclopedia Britannica*, 28 Sep. 2024,
https://www.britannica.com/science/nitric-oxide (last
accesssed: September 28, 2024) ......................................................... 11

Chemical Abstracts Service (CAS), a division of the American
Chemical Society (https://www.cas.org/cas-data/cas-
registry (last accessed October 21, 2024)............................................. 7

Department of Energy's publication "DOE explains Isotopes".......... 10, 11

Ennov, Chemical Abstracts Service Registry Number
(CAS Number) Glossary,
https://en.ennov.com/glossary/chemical-abstracts-service-
registry-number-cas-number/ (last accessed: October 10,
2024) ................................................................................................... 9

LibreTexts Chemistry,
https://chem.libretexts.org/Bookshelves/Introductory_
Chemistry (last accessed: October 1, 2024) ....................................... 10

Merriam-Webster Dictionary, https://www.merriam-
webster.com/dictionary/ammonium%20sulfate(last
accessed: 9 Nov 2022 ......................................................................... 7

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

Merriam-Webster Dictionary, https://www.merriam-
    webster.com/dictionary/isotope (last accessed:
    9 Nov 2022) ..........................................................................................9

National Institute of Health, Quantification of histone
    modifications using $^{15}$N metabolic labeling
    (https://pubmed.ncbi.nlm.nih.gov/23454290/; last accessed
    October 21, 2024)................................................................................13

The National Isotope Development Center (NIDC):
    https://isotopes.gov/isotope-basics (last accessed:
    October 21, 2024)..................................................................................9

Wikipedia, the Free Encyclopedia, "State of Matter"
    https://en.wikipedia.org/w/index.php?title=State_of_matte
    r&oldid=1241901858(last accessed October 21, 2024 .................. 27, 28

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| CAMBRIDGE ISOTOPE LABORATORIES INC. | : |
| | : |
| | : |
| Plaintiff, | : |
| | : Court No. 23-00080 |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RULE 56.2 MOTION FOR JUDGMENT ON THE
AGENCY RECORD**

Plaintiff, Cambridge Isotope Laboratories Inc. ("Cambridge"), in

conformity with Rule 56.2 of the Rules of this Court, submits this

memorandum of law in support of its motion for judgement on the

agency record.

## I.    RULE 56.2 STATEMENT

### A.    The Administrative Determination Under Review

Cambridge challenges the U.S. Department of Commerce's

1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

("Commerce" or the "Department") final determination[1] that its $^{15}$N-enriched isotopic ammonium sulfate is within the scope of the Antidumping and Countervailing Duty Orders on *Ammonium Sulfate from the People's Republic of China (A-570-049 and C-570-050)* ("the Orders").[2]) Appx1150. Cambridge contends that this scope determination must be overturned because the scope of the Orders unambiguously excludes Cambridge's 15N-isotopic ammonium sulfate, or, it must reversed and remanded for consideration of the 19 C.F.R. § 351.225(k)(1) factors, because the section 351.225(k)(1) sources were not considered, or if they were, they are not dispositive of the issue (i.e.,

---

[1] *Antidumping Duty and Countervailing Duty Orders on Ammonium Sulfate from the People's Republic of China*: Final Scope Ruling on Cambridge Isotope Laboratories, Inc. $^{15}$N Enriched Ammonium Sulfate from Eva Kim, International Trade Compliance Analyst, Office IV, Antidumping and Countervailing Duty Operations through Eric Greynolds, Director, Office IV, Antidumping and Countervailing Duty Operations to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations ("Scope Ruling") Public Document. Appx1314-1319. *See* also *Notice of Scope Rulings, A-570-049 and C-570-050; Ammonium Sulfate from China*, 88 Fed. Reg. 32731 (May 22, 2023)

[2] See *Ammonium Sulfate from the People's Republic of China: Antidumping Duty and Countervailing Duty Orders,* 82 Fed. Reg. 13094 (March 2, 2017). Appx1150-1151.

2

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

they are not "'controlling' of the scope inquiry in the sense that they definitively answer the scope question." *Polites v. United States*, 755 F. Supp. 2d at 1355 (2011). As such, the Department's decision is not supported by substantial evidence on the record and is otherwise not in accordance with law.

### B.    Issues Presented

Did Commerce erroneously interpret and expand the scope of the Orders by determining, without substantial evidence on the record, that Cambridge's $^{15}$N-isotopic ammonium sulfate is within the scope of the Antidumping and Countervailing Duty Orders on Ammonium Sulfate from the People's Republic of China?  This breaks down into two sub issues:

a.    Is Plaintiff's 15N-isotopic ammonium sulfate unambiguously excluded from the scope of the Orders?

b.    If the language of the Orders is ambiguous with regard to the inclusion of Plaintiff's 15N-isotopic ammonium sulfate within the scope of the Orders, did the Department properly considered the

4872-9633-4066, v. 1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

§ 351.225(k)(1) factors[3], and if so, do they definitively answer the
question of whether Plaintiff's 15N-isotopic ammonium sulfate is
included within the scope?

## II.    STANDARD OF REVIEW

In reviewing a final scope determination by Commerce, the Court
must consider whether the determination is "unsupported by
substantial evidence on the record, or otherwise not in accordance with
law." 19 U.S.C. § 1516a(b)(1)(B). "Substantial evidence is more than a
mere scintilla. It means such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Universal Camera
Corp. v. NLRB,* 340 U.S. 474, 477 (1951) quoting *Consolidated Edison
Corp. v. NLRB,* 305 U.S. 197 (1938). "Substantial evidence" must be
measured by the record as a whole, "including whatever fairly detracts
from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United
States,* 744 F.2d 1556, 1562 (Fed. Cir. 1984) (quotations omitted). Thus,
"it is appropriate to set aside the ITA's decision when the court 'cannot
conscientiously find that the evidence supporting that decision is

_____

[3] 19 C.F.R. § 351.225(k)(1) (2024).

4

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

substantial, when viewed in the light that the record in its entirety

furnishes, including the body of evidence opposed to [its] view.'"

*Diversified Products Corp. v. United States,* 572 F. Supp. 883 (1983),

quoting *Universal Camera Corp. v. NLRB*, 340 U.S.474, 476 (1951).

"Commerce's analysis must reasonably demonstrate a connection

between the facts in the record and the conclusions drawn." (citations

omitted) *Mitsubishi Polyester Film v. United States*, 228 F. Supp. 3d

1359, 1371 (2017).

## III.   STATEMENT OF FACTS

### A.   Scope of the Order on Ammonium Sulfate from China

Set forth below is the complete description of the scope of the

Department's antidumping and countervailing duty Orders[4] on

Ammonium Sulfate from the People's Republic of China:[5]

---

[4] The scope language of the Antidumping and Countervailing Duty Orders on *Ammonium Sulfate from the People's Republic of China (A-570-049 and C-570-050)* are identical and for purposed of brevity, Plaintiff will primarily refer to the Department's Antidumping Duty Order.

[5] See *Ammonium Sulfate from the People's Republic of China: Antidumping Duty and Countervailing Duty Orders,* 82 FR 13094

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

### Scope of the Order

The merchandise covered by this investigation is ammonium sulfate in all physical forms, with or without additives such as anti-caking agents. ***Ammonium sulfate, which may also be spelled as ammonium sulphate, has the chemical formula $(NH_4)_2SO_4$.*** The scope includes ammonium sulfate that is combined with other products, including by, for example, blending (i.e., mixing granules of ammonium sulfate with granules of one or more other products), compounding (i.e., when ammonium sulfate is compacted with one or more other products under high pressure), or granulating (incorporating multiple products into granules through, e.g., a slurry process). For such combined products, only the ammonium sulfate component is covered by the scope of this investigation.

Ammonium sulfate that has been combined with other products is included within the scope regardless of whether the combining occurs in countries other than China.

Ammonium sulfate that is otherwise subject to this investigation is not excluded when commingled (i.e., mixed or combined) with ammonium sulfate from sources not subject to this investigation. Only the subject component of such commingled products is covered by the scope of this investigation.

The Chemical Abstracts Service (CAS) registry number for ammonium sulfate is 7783–20–2.

---

(March 2, 2017). Appx1150-1151.

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> Although this HTSUS subheading and CAS registry
> number are provided for convenience and customs
> purposes, the written description of the scope of the
> investigation is dispositive.

Appx1150 [Emphasis added.]

### B.    Summary of the Record

#### 1.    The Chemical Compositions of Ammonium Sulfate

The scope of merchandise covered by these Orders is ammonium sulfate, specifically, with the chemical formula $(NH_4)_2SO_4$. Appx1157-1160. *Merriam-Webster* defines ammonium sulfate as: "a colorless crystalline salt $(NH_4)_2SO_4$ used chiefly as a fertilizer". *Merriam-Webster's Dictionary*. Appx1153. The ammonium sulfate referenced in the Orders is specifically identified by the American Chemical Society, Chemical Abstract Service[6] (CAS) with the unique identification number 7783-20-2. Appx1158-1160.

Ammonium sulfate is a chemical compound produced by reacting ammonia, which has a chemical formula of $2 NH_3$ with sulfuric acid,

---

[6] The Chemical Abstracts Service (CAS) is a division of the American Chemical Society. See https://www.cas.org/cas-data/cas-registry (last visited October 21, 2024).

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

which has a chemical formula of $H_2SO_4$. The resulting product is

ammonium sulfate with a chemical formula of $(NH_4)_2SO_4$. Appx1127-

1129.

The product that is the subject of the Orders is ammonium

sulfate with a chemical composition of $(NH_4)_2SO_4$ and identified by its

unique Chemical Abstract number[7] 7783-20-2, which has a molecular

weight of 132.14. Appx1158-1160.

Ammonia is a compound made up of one nitrogen atom (N) and

three hydrogen atoms (H), and so it has the chemical formula $NH_3$.

Nitrogen is one of the basic elements on the periodic table.  A

Nitrogen atom exists in two stable *isotopic* forms ($^{14}N$ and $^{15}N$).[8]  An

_____

[7] A "Chemical Abstract number," also known as a CAS Registry
Number, is a unique numerical identifier assigned to a specific
chemical substance allowing for clear identification of a compound
regardless of its different names or variations in different regions;
essentially acting as a global standard for chemical identification, *id.*,
and https://en.ennov.com/glossary/chemical-abstracts-service-registry-
number-cas-
number/#:~:text=Chemical%20Abstracts%20Service%20(CAS)%20Num
ber:%20A%20unique,Numbers%20are%20assigned%20to%20every%20
uniquely%2Didentifiable%20substance .

[8] **Isotope Notation.** Isotopes are notated in multiple ways. Most
commonly, they are specified by the name or symbol of the particular

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

"isotope," is described as:

> any of two or more species of atoms of a chemical element
> with the same atomic number and **nearly identical**
> **chemical behavior** but with differing atomic mass or
> mass number and **different physical properties**".
> [Emphasis supplied].

*Merriam-Webster's Dictionary*. Appx1162.[9] For Nitrogen, the two

isotopic forms differ in the number of neutrons, which results in a

difference in molecular weights. $^{14}N$ has 7 neutrons and 7 protons while

$^{15}N$ has **8 neutrons** and 7 protons.  The product that is the subject of

the Orders is ammonium sulfate with a chemical composition of

$(NH_4)_2SO_4$ and a molecular weight of 132.14 g/mol[10] (Appx. 1158),

---

element, immediately following by a hyphen and the mass number
(e.g., carbon-14 or C-14). Isotopes can also be defined in standard, or
"AZE", notation where A is the mass number, Z is the atomic number,
and E is the element symbol. The mass number "A" is indicated with a
superscript to the left of the chemical symbol "E" while the atomic
number "Z" is indicated with a subscript.  The National Isotope
Development Center (NIDC): https://isotopes.gov/isotope-basics (last
accessed: October 21, 2024)

[9] https://www.merriam-webster.com/dictionary/isotope (last accessed: 9
Nov 2022)

[10] g/mol is the abbreviation for grams per mole, which is the unit used
to express molar mass. The mass of a single isotope of any given
element (the isotopic atomic mass) is a value relating the mass of that

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

whereas Cambridge's $^{15}N$-enriched isotopic ammonium sulfate

$(^{15}NH_4)_2SO_4$) <u>has a molecular weight of 134.13 g/mol</u>. Appx1155.

In the Department of Energy's publication "<u>DOE explains</u>

<u>Isotopes</u>," it provides the following example of an Isotope:

> A family of people often consists of related but not
> identical individuals. Elements have families as well,
> known as isotopes. Isotopes are members of a family of an
> element that all have the same number of protons but
> different numbers of neutrons.

Appx 1164-1165. It then explains that isotopes are:

> [M]embers of a family of an element that all have the
> same number of protons but different numbers of
> neutrons.
>
>     *      *      *
>
> The number of protons in a nucleus determines the
> element's atomic number on the Periodic Table.
>
>     *      *      *
>
> The addition of even one neutron can dramatically
> change an isotope's properties.
>
>     *      *      *
>
> **<u>Isotopes have unique properties, and these
> properties make them useful in diagnostics and</u>**

---

isotope to the mass of the isotope carbon-12.
"https://chem.libretexts.org/Bookshelves/Introductory_Chemistry/Book
%3A_Introductory_Chemistry_Online_(Young)/04%3A_The_Mole_and_
Measurement_in_Chemistry/4.2%3A_Molar_Mass

10

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> **treatment applications. They are important in**
> **nuclear medicine**, oil and gas exploration, basic
> research, and national security.
>
> \*          \*          \*
>
> Isotopes are needed for research, commerce, medical
> diagnostics and treatment, and national security.
> (Emphasis added.)

"DOE Explains … Isotopes." Appx1164-1166.

Nitrogen represents about 78% of Earth's atmosphere. Ninety-Nine point Sixty Three (99.63) percent of nitrogen in the Earth's atmosphere exists as $^{14}N$, while only 0.37% is 15N in naturally occurring abundance. To produce nitrogen with a 15N isotope concentration greater than 0.37%, the nitrogen must be specially processed.  The process begins with nitric oxide[11] and separation of the $^{14}N$ isotopes from the $^{15}N$ isotopes. This is referred to as enrichment. Once isotopically enriched, the nitric oxide is converted to enriched nitrogen and then to enriched ammonia. The enriched ammonia is then converted to enriched ammonium sulfate by reaction with sulfuric acid.

---

[11] Nitric oxide (NO), colourless toxic gas that is formed by the oxidation of nitrogen. Britannica, The Editors of Encyclopedia. "nitric oxide". *Encyclopedia Britannica*, 28 Sep. 2024, https://www.britannica.com/science/nitric-oxide. Accessed 21 October 2024.

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

The established method for enrichment of $^{15}N$ nitrogen is the cryogenic

distillation (rectification) of nitric oxide. Statement of Dr. Susan

Henke, PhD., Cambridge Isotope laboratories, Inc. Appx1128-1129.

### 2.    Cambridge's $^{15}N$ Enriched Ammonium Sulfate

The merchandise subject to this litigation is 15N isotopically

enriched ammonium sulfate, which has a chemical formula of

$(^{15}NH_4)_2SO_4$. Appx1128-1129. The American Chemical Society

considers this isotope a different chemical compound from $(NH_4)_2SO_4$,

by assigning this isotopic form a unique CAS number, 43086-58-4.

Appx1155-1156.  Cambridge's $(^{15}NH_4)_2SO_4$ has a molecular weight of

134.13, which reflects the difference between Cambridge's $(^{15}NH_4)_2SO_4$

and the $(NH_4)_2SO_4$ that is described in the Orders.

This is important because it explains the significant difference

between isotopically enriched Nitrogen products and those that are not.

Because of the presence of the stable 15N heavy isotope, Cambridge's

$(^{15}NH_4)_2SO_4$ is used predominately in quantitative proteomics and

laboratory research, and its presence can be readily measured or traced

using mass spectrometry (MS) or nuclear magnetic resonance (NMR).

12

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

In its request for a scope determination, Cambridge explained how its

15N isotopically enriched ammonium sulfate is put to use. In Exhibit

11 to its Scope Request Cambridge explains:

> 1.2 Isotope enrichment methods: [15]N metabolic labeling vs
> SILAC vs Chemical tags
>
> The use of non-radioactive isotopes introduced by
> metabolic incorporation in vivo or by isobaric tags in vitro
> for quantitative proteomics is referred to as stable isotope
> labeling[4]. The most common selected stable isotopes are
> 2H, 13C, 18O, and 15N [4,24,25]. Because the stable
> isotope-labeled peptides are chemically identical to their
> unlabeled counterparts, they behave almost identically in
> response to chromatography (retention time, losses due to
> adsorption, etc.,) and mass spectrometry (ionization)
> leading to a more accurate determination compared with
> label-free quantification[22].
>
> *    *    *
>
> 15N metabolic labeling reported for proteome analysis …
> and stable isotope labeling by amino acids in cell culture
> (SILAC) … are two of the widely used metabolic labeling
> approaches for quantitative proteomics. The major
> difference between the two approaches is that all nitrogen
> atoms throughout the whole proteome are uniformly
> replaced by heavy isotopes in 15N metabolic labeling
> while in SILAC only specific amino-acid residues (e.g Lys
> or Arg) are selectively labeled. [Footnotes omitted.]

Appx1131-1148.

Quantification of histone modifications using [15]N metabolic labeling,
published by the National Institute of Health.

13

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

The property of differing mass of isotopes underlies the basis of

mass spectrometry, which is an analytical tool useful for measuring the

mass-to-charge ratio of one or more molecules present in a sample.

The description of Cambridge's 15N isotopically enriched

ammonium sulfate, CAS number 43086-58-4, is accurately summarized

by the Department in its Scope Determination:

> The products subject to the inquiry is enriched [15]N
> ammonium sulfate, which is a compound commonly used
> in laboratory research and quantitative proteomics.[7] It is
> incorporated into metabolically active cells and small
> organisms or post-metabolically in peptides and proteins
> by enzymatic or chemical reactions. These [15]N labels are
> used to monitor specific aspects of dynamic proteomes.
> Targeted isotope labeling processes are used in protein
> profiling and for analysis of protein modifications.
> Nitrogen-15 ([15]N) is one of several heavy isotopes
> (deuterium, carbon-13 (13C), and oxygen-18 (18O) used in
> quantitative proteomics for isotopic labeling.
>
> The chemical formula, for CIL's enriched ammonium
> sulfate is $(^{15}NH_4)_2SO_4$. CIL enriches ammonium sulfate
> with 15N during the production process. CIL's enriched
> ammonium sulfate is $(^{15}NH_4)_2SO_4$ and has no known
> applications as a commercial mineral or chemical
> fertilizer.[8]
>
> CIL's Chemical Abstracts Service (CAS) registry number
> is 43086-58-4.

14

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> To produce enriched 15N ammonium sulfate, nitrogen
> isotopes must be separated and the 15N isotope must be
> enriched to higher levels using the method called the
> cryogenic distillation (rectification) of nitric oxide.[9] Once
> isotopically enriched, the nitric oxide is converted to
> enriched nitrogen and then to enriched ammonia.[10]
> (Footnotes omitted).

Scope Determination. Appx1315.

### 3.    The Proceedings Before Commerce

On November 11, 2022, Cambridge filed a request with the
Department seeking a determination that its 15N enriched ammonium
sulfate isotope is excluded from the scope of the Orders. Appx1004-
1016. In its request, Cambridge explained why its 15N enriched
ammonium sulfate isotope is not within the scope of the Orders on
ammonium sulfate.

Commerce accepted the scope application and initiated a scope
inquiry. Appx1299. In the Initiation Memorandum, Commerce invited
interested parties to submit comments and factual information to
rebut, clarify, or correct factual information in the Scope Request. In
response to Commerce's notice, the Committee for Fair Trade in
Ammonium Sulfate submitted a comment to Cambridge's scope

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

request, stating it had no objections to granting the requested scope

clarification.[12] Appx1308.

Subsequently, in its decision, Commerce determined that

Cambridge's 15N enriched ammonium sulfate isotope is within the

scope of the Orders, concluding:

> [W]e have reviewed the language of the scope of the
> *Orders*, which plainly states that the *Orders* cover
> "ammonium sulfate in all physical forms." [25] Based on the
> record, CIL does not argue that its enriched [15]N
> ammonium sulfate is not ammonium sulfate. Rather, CIL
> explains that its product is ammonium sulfate, but
> enriched with a nitrogen atom, or [15]N.[26] CIL further
> explains that ammonium sulfate naturally contains [15]N
> while [15]N enriched ammonium sulfate has an increased
> concentration of [15]N.[27]
>
> Thus, based on CIL's own explanation, the enriched [15]N
> ammonium sulfate would not be outside the scope of the
> chemical formula defined in the language of the scope of
> the *Orders*, because CIL has explained that the
> ammonium in this formula $(NH_4)_2SO_4$ already includes
> [15]N, just with an increased concentration of [15]N.[28]
> Therefore, based on record evidence, by definition
> enriched [15]N ammonium sulfate is still ammonium

---

[12] See Petitioner's Letter, "Ammonium Sulfate From The People's
Republic of China: No Contest to the Scope Request of Cambridge
Isotope Laboratories, Inc.," dated January 13, 2023 (Petitioner
Comments). Appx1308-1309.

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> sulfate, and the scope of the *Orders* includes "ammonium
> sulfate in all physical forms."

Scope Determination. Footnotes omitted. Appx1314-1319. Plaintiff

disagrees with the Department's characterizations of the facts as

stated in its concluding determination above.

## IV.  SUMMARY OF ARGUMENT

The decision by the Department is not supported by substantial

evidence and was not otherwise made in accordance with law. The

Department acknowledges that the merchandise in question, 15N

enriched ammonium sulfate, chemical formula $(^{15}NH_4)_2SO_4,$ and CAS

registry number of 43086-58-4, is not explicitly included in the scope of

the Order on Ammonium Sulfate from China. As such, the plain

language of the Order unambiguously excludes Cambridge's [15]N

enriched ammonium sulfate isotope. It is well-established principal of

law that subject merchandise may be included in-scope only if the

scope language specifically includes the merchandise or may be

reasonably interpreted to include it. *Duferco Steel, Inc. v. United

States,* 296 F.3d 1087, 1089 (Fed. Cir., 2002).

Commerce's assumption that the silence of the scope language

17

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

permits Commerce to interpret isotopic enriched ammonium sulfate as

within the scope of the Order is the opposite of the well-established

principle set forth in *Duferco*. This position would allow the agency to

read *any* product into the scope of an order if the scope language is

silent, which is contrary to the principle articulated in *Duferco*. Here,

the plain scope language does not reference 15N enriched ammonium

sulfate or isotopes, and thus it is not in accordance with law for

Commerce to have determined that the plain language of the Orders

**direct** that such products are intended to be in-scope based on the

silence of the Order.

Similarly, the Department asserts that a product may be

interpreted as in-scope as long as there is no language excluding such

product. This is not a reasonable principle that complies with the

*Duferco* standard, and the Court cannot sustain Commerce's plain

language determination in this regard. *Maquilacero S.A. De C.V. v.*

*United States*, 2024 Ct. Intl. Trade LEXIS 108, *17-18, SLIP OP. 2024-

107.

Cambridge's 15N Ammonium sulfate, which has the chemical

18

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

formula of $(^{15}NH_4)_2SO_4$, is not ammonium sulfate **with** the chemical

formula $(NH_4)_2SO_4$ as presented in the scope of the Order. Cambridge's

15N ammonium sulfate, with CAS number 43086-58-4, is not

ammonium sulfate, with CAS number 7783–20–2, as used in the

language of the Order. The Federal Circuit has held that the

Department is required to place the literal language of an order in its

proper context. *Arcelormittal Stainless Belg. N.V. v. United States*, 35

CIT 796 (Ct. Int'l Trade 2011). The Department has ignored or

otherwise disregarded how the trade and industry refer to ammonium

sulfate. The considerable and unrefuted evidence presented by

Plaintiff to the Department at the administrative level demonstrates

that the trade and industry do not consider *15*N isotopically enriched

ammonium sulfate used for laboratory research to be ammonium

sulfate, which is used as a fertilizer. Despite their similarities in name,

they are different in their chemical composition. This difference in

chemical composition is not inconsequential, and Cambridge's 15N

isotopically enriched ammonium sulfate is <u>unambiguously</u> out-of-scope.

Assuming arguendo, the language of the order is ambiguous with

19

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

regards to its intention with respect to Cambridge's 15N isotopically

enriched ammonium sulfate, the Department did not conduct a section

351.225(k)(1) analysis. Rather, it relies on its conclusion that

Cambridge's $(^{15}NH_4)_2SO_4$ ammonium sulfate is unambiguously included

within the scope of the Orders. As demonstrated by Plaintiff, its 15N

isotopically enriched ammonium sulfate is significantly and chemically

different, and otherwise unlike the ammonium sulfate that is the

subject of the Orders, and the Department has impermissibly expanded

the scope of the Orders to include out-of-scope merchandise.

## V.    ARGUMENT

### A.    Cambridge's [15]N Ammonium Sulfate is not Within the Scope of the Orders

Because "[t]he language of the order determines the scope of an

antidumping duty order[,]" any scope ruling begins with an

examination of the language of the order at issue. *Tak Fat Trading Co.*

*v. United States*, 396 F.3d 1378, 1382 (Fed. Cir. 2005) (citing *Duferco*

*Steel, Inc. v. United States*, 296 F.3d 1087 (Fed. Cir. 2002)). If the terms

of the order are unambiguous, then those terms govern. *Id.* at 1382-83.

See *OMG, Inc. v. United States*, 321 F. Supp. 3d 1262, 1264 (2018). The

4872-9633-4066, v. 1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

relevant scope terms are 'unambiguous' if they have 'a single clearly

defined or stated meaning.'" (citation omitted). *Magnum Magnetics*

*Corp. v. United States,* 657 F. Supp. 3d 1387, 1394 (2023). If the terms

of the order, however, are found to be either <u>ambiguous or reasonably</u>

<u>subject to interpretation</u>, then Commerce may take into account . . . the

descriptions of the merchandise from interpretative sources such as the

petition, the initial investigation, and [prior] determinations [of

Commerce] (including prior scope determinations) and the

[International Trade] Commission." 19 C.F.R. § 351.225(k)(1) ("(k)(1)

sources"); *Polites v. United States*, 755 F. Supp. 2d 1352, 1355 (2011);

*Meridian Prods., LLC v. United States*, 851 F.3d 1375, 1382 (Fed. Cir.

2017).  See *OMG, Inc. v. United States*, 321 F. Supp. 3d 1262, 1264-

1265 (2018).  To be dispositive, however, the (k)(1) sources "must be

'controlling' of the scope inquiry in the sense that they definitively

answer the scope question." *Polites, Id.,* at 1355 (quoting *Sango Int'l v.*

*United States*, 484 F.3d 1371, 1379 (Fed. Cir. 2007)).

    If the (k)(1) sources do not dispositively resolve the matter,

21

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

Commerce must then turn to the criteria under (k)(2),[13] which include

(i) the physical characteristics of the product, (ii) the expectations of

the ultimate purchasers; (iii) the ultimate use of the product, (iv) the

channels of trade, and (v) the manner in which the product is

advertised and displayed. 19 C.F.R. § 351.225(k)(2) (2020).

In *Maquilacero S.A. De C.V. v. United States*, *supra*,  SLIP OP.

2024-107, the Court remanded Commerce's scope determination

because the plain language of the order did not clearly include

plaintiff's further processed products, and Commerce failed to

adequately analyze whether those products became downstream

products outside the scope based on the degree of processing and lack

of interchangeability with the covered pipe and tube; [2]-The Court also

found Commerce's analysis of the (k)(1) interpretative sources under 19

C.F.R. § 351.225 to be lacking, as Commerce did not fully consider

sources both supporting and detracting from its scope determination

and failed to place key documents on the record

Applying these principles to the Ammonium Sulfate Orders and

---

[13] 19 C.F.R. § 351.225(k)(2).

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

to the facts in this case, the only reasonable conclusion supported by

substantial evidence is that 15N enriched ammonium sulfate is non-

scope merchandise, because:

(1) The plain language of the scope of the Order is for ammonium

sulfate that has the chemical formula of $(NH_4)_2SO_4$, and a CAS number

of 7783-20-2, whereas the subject merchandise has a chemical formula

of $(^{15}NH_4)_2SO_4$, and a CAS number of 43086-58-4. Thus, the scope

language unambiguously[14] excludes Cambridge's 15N isotopically

enriched ammonium sulfate.  Alternatively:

(2) The language in the scope of the Orders are ambiguous

because they reference ammonium sulfates as well as a single chemical

formula of $(NH_4)_2SO_4$, with a CAS number of 7783-20-2. Whereas,

Plaintiff has demonstrated that there exists an ammonium sulfate with

a different chemical formula of $(^{15}NH_4)_2SO_4$, and a different CAS

number of 43086-58-4.  As such, the scope of the order is confusing

because it does not have a "single clearly defined or stated meaning,"

---

[14] "Scope terms are 'unambiguous' if they have 'a single clearly defined or stated meaning.'" (citation omitted)). *Magnum Magnetics Corp. v. United States*, 657 F. Supp. 3d 1387, 1394 (2023).

23

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

thus requiring a (k)(1) analysis.

The Department, however, does not appear to have done a (k)(1)

analysis, and thus there are no interpretative sources on the record to

support its conclusion.  The decision then fails to conclusively, or

"definitively answer the scope question"[15] of whether the scope of the

order was intended to include enriched ammonium sulfate with a

chemical formula of $(^{15}NH_4)_2SO_4$ with a CAS registry number of 43086-

58-4.  If the Court concludes that the language of the scope is

ambiguous with respect to the inclusion of Cambridge's $(^{15}NH_4)_2SO_4$ in

the scope of the Orders, the matter should be remanded to the

Department for further consideration, as required by § 351.225.  See

also *Maquilacero S.A. De C.V. v. United States*, 2024 Ct. Intl. Trade

LEXIS 108, *39, supra, ("[B]ecause Commerce did not do a complete

and fair substantive analysis of the (k)(1) sources (considering both

positive and negative sources), and did not place on the record many of

the documents on which it apparently relied for its (k)(1) analysis,

---

[15]  *Polites*, 755 F. Supp. 2d at 1355 ("the (k)(1) sources "must be
'controlling' of the scope inquiry in the sense that they definitively
answer the scope question.")

4872-9633-4066, v. 1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

Commerce's determinations under the (k)(1) analysis are neither in accordance with law nor supported by substantial evidence and must be remanded."

As discussed below, a proper analysis based upon Department Regulations and judicial precedent will lead this Court to conclude that based on the plain meaning of the Orders, Cambridge's 15N isotopically enriched ammonium sulfate is not the merchandise described in the Orders and accordingly, **not the subject of** the Antidumping Duty Orders on Ammonium Sulfate from China.

### B.    The Plain Language of the Order Unambiguously Excludes Cambridge's ¹⁵N Isotopically Enriched Ammonium Sulfate

As the Federal Circuit has held, the terms of an order govern its scope (citations omitted). *OMG, Inc. v. United States*, 321 F. Supp. 3d 1262, 1268 (2018). "[I]f [the scope of an order] is not ambiguous, the plain meaning of the language governs. (citations omitted). *Id.*

Contrary to the Departments position, the language of the Orders unambiguously excludes Cambridge's 15N isotopically enriched ammonium sulfate. Scope terms are 'unambiguous' if they

25

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

have 'a single clearly defined or stated meaning.'" (citation omitted).

M*agnum Magnetics Corp. v. United States,* 657 F. Supp. 3d 1387, 1394

(2023).  "[T]he question of whether the unambiguous terms of a scope

control the inquiry, or whether some ambiguity exists, is a question of

law that we [the court] review de novo." *Meridian*, 851 F.3d at 1382.

See *OMG, Inc. v. United States*, 321 F. Supp. 3d at 1268.

Commerce's determination that Cambridge's 15N isotopically

enriched ammonium sulfate is unambiguously described by the plain

language of the Order is in error. Commerce claims that the *Orders*

cover "ammonium sulfate in all physical forms" and that Cambridge's

$^{15}$N enriched isotopic ammonium sulfate is therefore within the scope

of the Orders. Final Scope Ruling at page 5. Appx1319. In its decision,

the Department oversimplifies and impermissibly disregards the

differences in the chemical compositions of the two products in

question and misconstrues the term "physical form" as it is intended to

be used in the language of the orders.

While it is true that the scope of the Orders includes the language

"ammonium sulfate in all *physical forms*," Commerce has misapplied or

4872-9633-4066, v. 1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

misconstrued the reference to "all physical forms," to include products

that have a different chemical formula or structure. The language of

the order provides:

> The merchandise covered by this investigation is
> ammonium sulfate in <u>all physical forms</u>, with or without
> additives such as anti-caking agents.

In its decision, the Department then concludes that:

> by definition enriched 15N ammonium sulfate is still
> ammonium sulfate, and the scope of the Orders includes
> "ammonium sulfate in all physical forms."

The Department, however, misconstrues the reference to the term

"physical forms." The term "physical form" refers to the physical state

of mater.  The physical state of matter is a key characteristic of any

given matter. The four physical forms of matter are solid, liquid, gas,

and plasma:

> In physics, a state of matter is one of the distinct forms in
> which matter can exist. Four states of matter are
> observable in everyday life: solid, liquid, gas, and plasma.

"State of matter." *Wikipedia, The Free Encyclopedia*. Wikipedia, The

Free Encyclopedia, 23 Aug. 2024. Web. 24 Oct. 2024.

In chemistry and science, the term "physical form" refers to the

state of matter a substance is in, such as a solid, a liquid, or a gas,

27

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

essentially describing its appearance or observable. It indicates

whether a substance is a solid, liquid, or gas, which can be altered

through physical changes like melting, freezing, or vaporization.[16] This

makes sense as the Order should cover ammonium sulfate in its

various possible physical states of being, such as a solid, a liquidate or

a gas.

The common meaning of "form" in the phrase, "ammonium

sulfate in all forms" is described in the Investigative documents and

ITC report as including mostly pellets and an aqueous form. There is

no reference to the a 15N nitrogen enriched form which has a different

chemical description than that identified in the order and the ITC

report. The term "physical form," however, would not include a product

that had a similar but different chemical structure, such as 15N

isotopically enriched ammonium sulfate.

The distinction between the two products is significant and

_____

[16] Wikipedia contributors. (2024, August 23). State of matter. In *Wikipedia, The Free Encyclopedia*. Retrieved 15:29, October 21, 2024, from https://en.wikipedia.org/w/index.php?title=State_of_matter&oldid=1241901858

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

meaningful, as it would not be possible for non-enriched ammonium

sulfate to be use for metabolic labeling in quantitative proteomics.

The Federal Circuit has held that the Department is required to

place the literal language of an order in its proper context. As the

Court of Appeals for the Federal Circuit expressed in *Arcelormittal*

*Stainless Belg. N.V. v. United States*, 694 F.3d 82, 88 (Fed. Cir. 2012),

anti-dumping orders should not be interpreted in a vacuum, devoid of

any consideration of the way the language of the order is used in the

relevant industry.[17]  The CAFC recognized the importance of

considering context, including industry custom, when interpreting

written language." *Id.* Thus, the Department is obligated to consider

"the way the language of the order is used in the relevant industry." *Id.*

This requirement exists "because the primary purpose of an

antidumping duty order is to place foreign exporters on notice of what

merchandise is subject to duties, the terms of an order should be

consistent, to the extent possible, with trade usage.

In this case, the language of the Orders at issue are explicate in

---

[17]  *Id.*

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

that they have a "single clearly defined or stated meaning." They read

"Ammonium sulfate … has the chemical formula $(NH_4)_2SO_4$."

Appx1150. The scope additionally provides the Chemical Abstracts

Service (CAS) registry number for the ammonium sulfate as "7783–20–

2." A CAS Registry Number is a unique numerical identifier assigned

by the American Chemical Society to a specific chemical substance

allowing for clear identification of a compound regardless of its

different names or variations in different regions.[18] Taken together, the

chemical formula $(NH_4)_2SO_4$ and the CAS registry number of 7783–20–

2 provided in the scope of the Order clearly and unambiguously

establishes that Cambridge's 15N isotopically enriched ammonium

sulfate (chemical formula $(^{15}NH_4)_2SO_4$), with a CAS number of 43086-

58-4) is not within the scope of the Orders.

   "The plain language of a countervailing or antidumping order is

'paramount' in determining whether particular products are included

within its scope." *Fedmet Res. Corp. v. United States*, 755 F.3d 912, 918

(Fed. Cir. 2014) (citing *King Supply Co. v. United States*, 674 F.3d 1343

---

[18] See Footnotes 4 and 5, *infra*.

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

(Fed. Cir. 2012)). "Scope orders may be interpreted as including the subject merchandise only if they contain language that specifically includes the subject merchandise or may be reasonably interpreted to include it." *Duferco Steel, Inc. v. United States*, 296 F.3d 1087 (Fed. Cir. 2002) (emphasis supplied). In this case, the scope language of the Orders do not specifically include the subject merchandise, and cannot be reasonably interpreted to include it.

### C. Assuming Arguendo the Scope Language is Ambiguous with Respect to Its Inclusion of Cambridge's 15N Isotopically Enriched Ammonium Sulfate the Department Must Consider the K-1 Factors

If the scope language is ambiguous with regard to the inclusion of the subject merchandise, then it is expected that Commerce will consider the (k)(1) criteria, which includes: (i) the petition, (ii) the initial investigation, and (iii) any earlier determinations by Commerce and the ITC to resolve that ambiguity. 19 C.F.R. § 351.225(k)(1) (2024).

The (k)(1) sources are "afforded primacy in the scope analysis [] because interpretation of the language used in the orders must be based on the meaning given to that language during the underlying

31

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

investigations." *Fedmet Res. Corp.*, 755 F.3d at 921.  To be dispositive,

however, the (k)(1) sources "must be 'controlling' of the scope inquiry in

the sense that they definitively answer the scope question." *Polites*, 755

F. Supp. 2d at 1355 (quoting *Sango Int'l v. United States*, 484 F.3d

1371, 1379 (Fed. Cir. 2007)).[19]

In the administrative proceeding below, the Department did not

conduct a section 351.225(k)(1) analysis. Rather, it relied on its

conclusion that Cambridge's 15N isotopic enriched ammonium sulfate

was unambiguously described by the scope of the Orders:

> Accordingly, after considering the plain language of the
> scope of the Orders, and the description of the product
> contained in the scope ruling request, we have
> determined that the language of the scope of the Orders is
> dispositive in determining whether CIL's enriched $^{15}N$
> ammonium sulfate is within the scope of the Orders.
> Thus, for this determination, Commerce finds it
> unnecessary to consider the arguments CIL raises
> regarding the end uses of enriched $^{15}N$ ammonium

---

[19]   If a section 351.225(k)(1) analysis is not dispositive, Commerce is
required to initiate a scope inquiry under § 351.225(e), and apply the
five criteria from *Diversified Prods. Corp. v. United States*, 572 F.
Supp. 883, 889 (1983) as codified in 19 C.F.R. § 351.225(k)(2). *Polites*,
755 F. Supp. 2d at 1355.  See *OMG, Inc. v. United States*, 321 F. Supp.
3d 1262, 1265 (CIT, 2018).

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

  sulfate.

Scope Decision. Appx1318.

Plaintiff has conclusively proven that this is not the case, and in fact, the language of the scope of the Orders is dispositive in determining whether CIL's enriched 15N ammonium sulfate is <u>not</u> within the scope of the Orders.

Assuming arguendo, the Court determines that the scope of the Orders is ambiguous as to whether they include 15N isotopically enriched ammonium sulfate, the analysis is to move to step two, and a determination made whether, based on a (k)(1) factors, there is sufficient evidence on the record, <u>taken as a whole</u>, to support the Department's conclusion that Cambridge's 15N isotopic enriched ammonium sulfate is within the scope of the order.

The (k)(1) factors found in 19 C.F.R. § 351.225 are as follows:

(k) ***Scope rulings.***

(1) In determining whether a product is covered by the scope of the order at issue, the Secretary will consider the language of the scope and may make its determination on this basis alone if the language of the scope, including the descriptions of merchandise expressly excluded from the scope, is dispositive.

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> (i) The following primary interpretive sources may be
> taken into account under paragraph (k)(1)
> introductory text of this section, at the discretion of
> the Secretary:
>
> (A) The descriptions of the merchandise contained in
> the petition pertaining to the order at issue;
>
> (B) The descriptions of the merchandise contained in
> the initial investigation pertaining to the order at
> issue;
>
> (C) Previous or concurrent determinations of the
> Secretary, including prior scope rulings, memoranda,
> or clarifications pertaining to both the order at issue,
> as well as other orders with same or similar language
> as that of the order at issue; and
>
> (D) Determinations of the Commission pertaining to
> the order at issue, including reports issued pursuant
> to the Commission's initial investigation.

19 C.F.R. § 351.225(k)(1) (2024).

As the Court of Appeals for the Federal Circuit expressed in *Saha
Thai Steel Pipe Pub. Co. v. United States*, examination of (k)(1)
materials are paramount in understanding the meaning of scope
language:

> [B]ecause the scope language is necessarily written in
> general terms, Commerce will *likely* consider the (k)(1)
> materials to assist in understanding the meaning of the
> scope language relevant to the determination of whether

34

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

> a particular product is within the scope. See *2021 Revised Regulations*, 86 Fed. Reg. at 52323 (noting that "in the majority of scope inquiries, it is likely that the current (k)(1) sources would be considered" in reaching a scope ruling). This is particularly true where, as here, a scope ruling is requested, subsequently disputed, and eventually appealed to this court.

*Saha Thai Steel Pipe*, 101 F.4th 1310, at 1326-1327 (Fed. Cir. 2024).

There is no information provided in the record, however, that establishes that the Department considered the interpretive sources under paragraph (k)(1) to dispositively answer the scope question whether the investigations and by extension, the Orders, include Cambridge's 15N enriched ammonium sulfate.[20]

The requirement that antidumping and countervailing duty orders apply only to merchandise that the order is reasonably interpreted to include ensures that before imposing a significant exaction in the form of an antidumping duty, Commerce will provide adequate notice of what is regulated by the order.  This requirement

––––––––––––––––––––

[20] *Polites*, 755 F. Supp. 2d at 1353 ("the (k)(1) sources "must be 'controlling' of the scope inquiry in the sense that they definitively answer the scope question.")

4872-9633-4066, v. 1

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

reflects the broader due-process principle that before an agency may

enforce an order or regulation by means of a penalty or monetary

sanction, it must "provide regulated parties fair warning of the conduct

the order or regulation prohibits or requires." *Mid Continent Nail*

*Corp. v. United States*, 725 F. 3d 1295, 1300-1301 (Fed. Cir. 2013).

## VI.    CONCLUSION

"The question of whether the unambiguous terms of a scope

control the inquiry, or whether some ambiguity exists, is a question of

law that . . . [the Court] . . . review[s] de novo. [A] scope determination

is not in accordance with the law if it changes the scope of an order or

interprets an order in a manner contrary to the order's terms."

*Meridian Prods., LLC v. United States,* 851 F.3d 1375, 1382 (Fed. Cir.

2017); *see also Mitsubishi Polyester Film v. United States,* 228 F. Supp.

3d 1359, 1362 (2017).  The Department's determination herein changes

the scope of the Orders to include 15N isotopically enriched ammonium

sulfate, which, under a plain reading of the language of the scope, was

not included. The Department's determination therefore impermissibly

expands the scope of the Orders to include out of scope merchandise.

36

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

Plaintiff respectfully submits that based on the arguments presented herein, this Court must find that Cambridge's 15N enriched ammonium sulfate is unambiguously outside the scope of the China Ammonium Sulfate Order.

For the reasons discussed herein, Cambridge respectfully requests this Court remand this matter to Commerce with instructions to issue a determination excluding 15N enriched ammonium sulfate from the scope of the Ammonium Sulfate Orders.

Alternatively, if the court finds that there is ambiguity in the language of the Orders with respect to its inclusion of 15N isotopically enriched ammonium sulfate, this Court should remand the matter to Commerce with instructions to conduct its C.F.R. § 351.255(k)(1) and (k)(2) analysis.

Dated: October 24, 2024          Respectfully submitted,

                                 /s/ George R. Tuttle III
                                 George R. Tuttle, III
                                 Law Offices of George R. Tuttle, A.P.C.
                                 3950 Civic Center Drive, Ste 310
                                 San Rafael, CA 94903
                                 Direct: (415) 288-0428
                                 Email: geo@tuttlelaw.com
                                 *Attorney for Cambridge Isotope Laboratories*

37

Cambridge Isotope Laboratories v. United States
Court No. 23-00080

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff Memorandum of Law In Support of its 56.2 Motion, as computed by Law Office of George R. Tuttle word processing system Microsoft Word 365 ProPlus, is 6,599 words, less than the 14,000 word limit.

*/s/ George R. Tuttle III*
George R. Tuttle III
*Counsel for Plaintiff*

Dated: October 24, 2024

38