IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

CAMBRIDGE ISOTOPE LABORATORIES, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 23-00080

# DEFENDANT'S MOTION TO STRIKE

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

RUSLAN N. KLAFEHN
Attorney
Office of the Chief Counsel
for Trade Enforcement &
Compliance
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

DANIEL BERTONI
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 880-0336
Daniel.Bertoni@usdoj.gov

February 11, 2025

Attorneys for Defendant

**TABLE OF CONTENTS**

ARGUMENT ........ 2

I. Legal Standards ........ 2

A. Motion To Strike. ........ 2

B. This Court's Record-Based Review. ........ 3

II. CIL's Extra-Record Attachment Is Prejudicial And Misleads The Court ........ 4

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Acciai Speciali Terni, S.p.A. v. United States*,
120 F. Supp. 2d 1101 (Ct. Int'l Trade 2014) .......................................... 3

*Beker Indus. Corp. v. United States*,
585 F. Supp. 663 (Ct. Int'l Trade 1984)................................................. 3

*Bethlehem Steel Corp. v. United States*,
566 F. Supp. 346 (Ct. Int'l Trade 1997)................................................. 7

*F. LLi De Cecco Di Filippo Fara San Martino S.P.A. v. United States*,
980 F. Supp. 485, 487 (Ct. Int'l Trade 1997) ..................................... 4, 8

*Jimlar Corp. v. United States*,
647 F. Supp. 932 (Ct. Int'l Trade 1986)......................................... 3, 6, 7

*Kerr-McGee Chem. Corp. v. United States*,
985 F. Supp. 1162 (Ct. Int'l Trade 1997)............................................... 4

*Koyo Seiko Co. v. United States*,
955 F. Supp. 1532 (Ct. Int'l Trade 1997)........................................... 3, 9

*Neuweg Fertigung GmbH v. United States*,
797 F. Supp. 1020 (Ct. Int'l Trade 1992)............................................... 4

*Novosteel SA v. United States*,
284 F.3d 1261 (Fed. Cir. 2002) ............................................................ 9

*Sumecht NA, Inc. v. United States*,
331 F. Supp. 3d 1408 (Ct. Int'l Trade 2018) ................................. 2, 4, 5

**Statutes**

19 U.S.C. § 1516a(b)(2)(A) ............................................................... 3, 5

**Rules**

USCIT R. 12(f)........................................................................................ 1, 2

USCIT R. 56.2 ............................................................................................ 1

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

CAMBRIDGE ISOTOPE LABORATORIES, INC.

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 23-00080

**DEFENDANT'S MOTION TO STRIKE**

Pursuant to Rule 12(f) of the Rules of this United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court strike from the reply brief filed by plaintiff, Cambridge Isotope Laboratories, Inc. (CIL), Attachment 1 and all references to the information contained in Attachment 1. *See* Pl.'s Reply to Def.'s Resp. to Pl.'s Rule 56.2 Mot. For J. Upon The Agency R., ECF No. 39 (Pl. Reply).

CIL's Attachment 1 is a customs classification that was issued on June 9, 2023, nearly three months after issuance of the final scope ruling at issue in this case. CIL Reply Br. 4-5. Because Attachment 1

is not part of Commerce's record, and because CIL does not demonstrate why it should nevertheless be considered, the Court should strike this extra-record document.

## ARGUMENT

## I. Legal Standards

### A. Motion To Strike

Pursuant to USCIT R. 12(f), the Court may strike from a pleading . . . any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike requests "an extraordinary remedy, and should be granted only in cases where there has been a flagrant disregard of the rules of court." *Sumecht NA, Inc. v. United States*, 331 F. Supp. 3d 1408, 1411 (Ct. Int'l Trade 2018) (internal citations omitted). "Courts will not grant a motion to strike unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material." *Id.* (cleaned up).

The Court has explained that, "depending on circumstances of the particular case, it is appropriate to strike an entire brief, to strike improper portions of a brief, or, to disregard any objectionable matter

contained in the brief." *Jimlar Corp. v. United States*, 647 F. Supp. 932, 934 (Ct. Int'l Trade 1986) (citing *Brookside Veneers, Ltd. v. United States*, 9 C.I.T. 596, 598 (1985) (granting motion to strike when the plaintiff introduced evidence outside of stipulation of facts)); *see also Acciai Speciali Terni, S.p.A. v. United States*, 120 F. Supp. 2d 1101, 1106 (Ct. Int'l Trade 2014) (choosing to disregard, rather than striking, portions of a brief that strayed outside the record). In short, the Court has broad discretion when considering a motion to strike. See Beker Indus. Corp. v. United States, 585 F. Supp. 663, 665 (Ct. Int'l Trade 1984).

### B. <u>This Court's Record-Based Review</u>

This Court's review of administrative proceedings is normally limited to the record before the agency. 19 U.S.C. § 1516a(b)(2)(A) (defining scope of record for review in proceedings before the Court of International Trade). Although a party is free "to offer whatever *legal* arguments it chooses" in litigation (subject to certain procedural and substantive constraints), *Koyo Seiko Co. v. United States*, 955 F. Supp. 1532, 1544 (Ct. Int'l Trade 1997), except in rare cases, the Court may consider only the materials contained in the administrative record,

*Kerr-McGee Chem. Corp. v. United States*, 985 F. Supp. 1162, 1165 (Ct. Int'l Trade 1997). Any information received by Commerce after Commerce makes the determination at issue is not part of the reviewable administrative record. *Neuweg Fertigung GmbH v. United States*, 797 F. Supp. 1020, 1022 (Ct. Int'l Trade 1992).

A court will consider matters outside of the administrative record only when there has been a '*strong showing* of bad faith or improper behavior on the part of the officials who made the determination' or when a party demonstrates that there is a '*reasonable basis* to believe the administrative record is incomplete.'" *F. LLi De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 487 (Ct. Int'l Trade 1997) (quoting *Saha Thai Steel Pipe Co. v. United States*, 661 F. Supp. 1198, 1201-02 (Ct. Int'l Trade 1987).

## II. CIL's Extra-Record Attachment Is Prejudicial And Misleads The Court

When portions of a brief would prejudice or mislead the Court, the Court has held that striking those portions is appropriate. *See Sumecht*, 331 F. Supp. 3d at 1411 (citing *Jimlar*, 647 F. Supp. at 934). Attachment 1 and references to it in CIL's reply brief are prejudicial to the United States and would mislead the Court.

Attachment 1 is a customs classification that U.S Customs and Border Protection (CBP) issued on June 9, 2023, nearly three months after Commerce issued the challenged final scope ruling. Pl. Reply 4-5. Indeed, CIL emphasizes that this customs classification was issued after Commerce issued the final scope ruling. *Id.* at 5.

The applicable statute precludes judicial review of Attachment 1. 19 U.S.C. § 1516a(b)(2)(A). Section 1516a limits the record for review to all information presented to or obtained by Commerce during the course of the scope proceeding and "a copy of the determination, all transcripts or records of conferences or hearings, and all public notices published in the Federal Register." *Id.*

CIL admits that Attachment 1 is not information presented to or obtained by Commerce during the course of the scope proceeding. *See* 19 U.S.C. § 1516a(b)(2)(A)(i); Pl. Reply 5. Nor is Attachment 1 a transcript or record of conferences or hearings, or a published Federal Register notice. *See* 19 U.S.C. § 1516a(b)(2)(A)(ii). Rather, Attachment 1 is a decision from a separate proceeding, issued by a separate agency. Thus, according to section 1516a(b)(2)(A), Attachment 1 lies outside of the record to be reviewed.

In *Jimlar*, the Court denied a motion to strike after finding that the United States had notice of the contents of four affidavits and had had the opportunity at trial to examine the information contained in them. *Jimlar*, 647 F. Supp. at 934. Thus, the Court held that references to affidavits in post-trial briefing would not prejudice or mislead the Court. *Id.* at 935.

In contrast, CIL's introduction of Attachment 1 in this matter causes prejudice and could mislead the Court. Neither CIL's submissions at the administrative level nor CIL's opening brief before this Court contained any reference to the June 9, 2023 CBP classification, unlike the affidavits in *Jimlar*, which referenced the evidence in question in testimony before the Court. *See* 647 F. Supp. at 933-34.

Further, CIL uses this extra-record CBP classification to argue the merits of its case. In reliance on Attachment 1, CIL argues that the scope of the relevant antidumping order is commensurate with HTSUS subheading 3102.11.0000, with the result that CIL's $^{15}N$-enriched ammonium sulfate is not covered by the orders because CBP classified CIL's $^{15}N$-enriched ammonium sulfate under HTSUS subheading

2845.90.0100. Pl. Reply 4-5. Yet, because CIL waited until its reply brief to bring this extra-record evidence to light, we have had no notice or opportunity to address Attachment 1 either at the administrative level before Commerce or in our response brief. *See Jimlar*, 647 F. Supp. at 935. Accordingly, the Court should strike Attachment 1 from CIL's reply brief and should not consider Attachment 1 or any references to Attachment 1 or reliance upon any information contained in Attachment 1.

Further, CIL cannot take advantage of the rare exception that permits supplementation of the record. The Court has made clear that a plaintiff may not use supplementation of the record "to seek[] *de novo* review through the back door." *Beker Industries Corp. v. United States*, 7 C.I.T. 313, 313-14 (1984). Such a request is doubly inappropriate when the supplementary material arises from a separate investigation. *See Bethlehem Steel Corp. v. United States*, 566 F. Supp. 346, 347 (Ct. Int'l Trade 1997). Therefore, a party seeking to supplement the record with extra-record evidence must either (1) make a strong showing of bad faith or improper behavior by Commerce, or (2) demonstrate that there is a reasonable belief that the existing

administrative record is incomplete. *F. LLi De Cecco*, 980 F. Supp. at 487. CIL has not attempted to show either condition.

As an initial matter, CIL has made no argument to support the supplementation of the record with Attachment 1. CIL does not allege that Commerce acted in bad faith or behaved improperly. And CIL does not explain in what way the existing administrative record is incomplete.

The information contained in CIL's Attachment 1 was not obtained during the course of the scope ruling proceeding. This circumstance, therefore, is unlike the circumstances in *F. LLi De Cecco*, when the Court permitted supplementation of the record with affidavits concerning *ex parte* telephone calls after the Court determined that the information contained in the affidavits had been obtained during the course of Commerce's investigation. *See* 980 F. Supp. at 487-88. Rather, Attachment 1 was produced by a separate agency three months after the conclusion of the scope ruling proceeding. CIL does not dispute this fact and even emphasizes the timing of CBP's determination. Pl. Reply 5; *see also* Def. Admin. R. Index, ECF Nos. 14-

3, 14-4. Thus, CIL cannot demonstrate that the existing record is incomplete — let alone any improper behavior by Commerce.

Finally, Attachment 1 is a customs classification that is the result of an entirely different proceeding of a different agency. A customs classification does not bind Commerce and is not dispositive of the scope of an order. *See Novosteel SA v. United States*, 284 F.3d 1261, 1270 (Fed. Cir. 2002) ("[R]eference to an HTSUS number is not dispositive about the scope of an antidumping or countervailing-duty order."); *Koyo Seiko*, 955 F. Supp. at 1540 ("Courts have consistently held that customs tariff classifications do not govern antidumping determinations with respect to class or kind."). Thus, the determination by CBP is irrelevant to the determination under review.

**CONCLUSION**

For these reasons, we respectfully request that the Court strike Attachment 1 from the Court's record and strike all references to Attachment 1 that are contained in CIL's reply brief.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

RUSLAN KLAFEHN
Attorney
Office of the Chief Counsel
for Trade Enforcement
& Compliance
U.S. Department of Commerce

/s/ Daniel Bertoni
DANIEL BERTONI
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Ben Franklin Station
P.O. Box 480
Washington, DC 20044
(202) 880-0336
Daniel.Bertoni@usdoj.gov

February 11, 2025

Attorneys for Defendant

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

CAMBRIDGE ISOTOPE LABORATORIES, INC.

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 23-00080

**ORDER**

Upon Consideration of the reply brief filed by plaintiff Cambridge Isotope Laboratories, Inc., the motion to strike filed by defendant, the United States, and all other pertinent papers, it is hereby:

ORDERED that defendant's motion to strike is granted, and it is further

ORDERED that Attachment 1 to plaintiff's reply brief and all references in plaintiff's reply brief to the information contained in Attachment 1 are stricken from the record of this action.

________________________
M. Miller Baker, Judge

Dated: ______________________, 2025
New York, New York